IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CONSUELO E. ANDERSON, ) | CIVIL NO. 21-00479 HG-WRP |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION TO DENY |
| vs. ) | PLAINTIFF'S APPLICATION TO |
| ) | PROCEED IN DISTRICT COURT |
| STATE OF HAWAII ) | WITHOUT PREPAYING FEES OR |
| DEPARTMENT OF EDUCATION, ) | COSTS |
| ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING
<u>FEES OR COSTS</u>

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on December 3, 2021.  <u>See</u> ECF No. 3. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful consideration, the Court FINDS AND RECOMMENDS that the District Court DENY Plaintiff's Application.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections

## DISCUSSION

On December 3, 2021, Plaintiff filed a Complaint related to her employment with the State of Hawaiʻi, Department of Education. See ECF No. 1. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs on December 3, 2021. See ECF No. 3.

Federal courts may authorize the commencement of any suit without the prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty") (quotations omitted). In determining whether to grant an application to proceed without prepayment of fees, the Court is guided by whether the applicant's yearly income surpasses the poverty guideline.

Plaintiff's Application states that she receives $750 bi-weekly in take-home pay as an office assistant at Kailua Inte[r]mediate School. See ECF No. 3 at

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

1. Assuming 26 pay periods in a year based on bi-weekly payments, this results in yearly take-home pay of $19,500. See, e.g., Taylor v. United Rd. Servs., Inc., 313 F. Supp. 3d 1161, 1178 n.6 (E.D. Cal. 2018). Plaintiff further reports that, in the past 12 months, she has also received income from a part-time position at an after-school program, with the amount listed as "$36,940 per annum and 10.28 Cost of Living Allowance." ECF No. 3 at 1. Taken together, then, Plaintiff appears to report an annual income of approximately $56,440.

Plaintiff indicates her spouse is dependent on her for support, but does not disclose the specific amount she contributes to his support as required under paragraph 7, stating only that her income is used to pay essential monthly bills and that she contributes as much as she can to rent and food. See ECF No. 3 at 2. Even if the Court were to assume that Plaintiff alone supports a two-person household, her income still exceeds the $20,040 poverty guideline for a two-person household in Hawaiʻi. See Annual Update of the Health and Human Services Poverty Guidelines, 86 Fed. Reg. 7732 (Feb. 1, 2021), available at: https://aspe.hhs.gov/poverty-guidelines. Plaintiff also reports that she has $325 in cash or a checking or savings account. See ECF No. 3 at 2. Based on the information disclosed in her Application, the Court FINDS that Plaintiff does not qualify as a person who is unable to pay or give security for court fees and therefore RECOMMENDS that the District Court DENY Plaintiff's Application.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs be DENIED. If Plaintiff wishes to proceed with this action, she must remit the appropriate filing fee within thirty (30) days from the date that this Findings and Recommendation is acted upon by the District Court. Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 6, 2021.



Wes Reber Porter
United States Magistrate Judge

**ANDERSON V. STATE OF HAWAII, DEPARTMENT OF EDUCATION, ET AL.; CIVIL NO. 21-00479 HG-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**